# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 1, 2020

Lyle W. Cayce
Clerk

No. 20-20123
Summary Calendar

Manuel Mendoza, individually and on behalf of all
others similarly situated,

*Plaintiff—Appellee*,

*versus*

Fred Haas Motors, Limited, a Texas Corporation,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:19-CV-4119

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

This appeal arises from a class action suit alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Fred Haas Motors, Ltd. ("Fred Haas") moved to compel arbitration pursuant to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

the agreement signed by Manuel Mendoza ("Mendoza"). The district court denied the motion. This court's precedent requires respect for the parties' clear statement to delegate the question of arbitrability to an arbitrator. Accordingly, we REVERSE and REMAND the district court's order.

**I**

In May 2015, Mendoza purchased a car from Fred Haas Toyota World in Spring, Texas. He signed two pertinent documents while finalizing this sale: an "Arbitration Agreement" and a "Personal Information Notice."[1] The Arbitration Agreement provides that:

> Buyer/lessee and dealer agree that all claims, demands, disputes, or controversies of every kind or nature that may arise between them concerning any of the negotiations leading to the sale, lease or financing of the vehicle, terms and provisions of the sale, lease or financing agreement, arrangements for financing, purchase or insurance, purchase of extended warranties or service contracts, the performance or condition of the vehicle, or any other aspect of the vehicle and its sale, lease or financing shall be settled by binding arbitration conducted pursuant to the provisions of 9 U.S.C. Section 1 et seq. and according to the Commercial Rules of the American Arbitration Association. Without limiting the generality of the foregoing, it is the intention of the buyer/lessee and the dealer to resolve by binding arbitration all disputes between them concerning the vehicle, its sale, lease or financing, and its condition, including disputes concerning the terms and conditions of the sale, lease or financing, the condition of the vehicle, and damage to the vehicle, the terms and meanings of any of the documents signed or given in connection with the sale, lease or financing, any representations, promises or

---

[1] The Arbitration Agreement and Personal Information Notice are signed and dated May 18th, 2015 and May 19th, 2015, respectively.

omissions made in connection with negotiations for the sale, lease, or financing of the vehicle, or any terms, conditions, or representations made in connection with the financing, credit life insurance, disability insurance, and vehicle extended warranty or service contract purchased or obtained in connection with the vehicle.  Buyer/lessee agree that this agreement also governs any and all claims, demands, disputes or controversy involving any trade vehicle in connection with the transaction involving the parties hereto.  Buyer/lessee and dealer agree, covenant and contract that there shall be no class arbitration between the parties and that the only parties to any disputes or controversies to be arbitrated as more particularly described herein shall be the Buyer/lessee and the dealer.

Beginning in the spring of 2019, Mendoza alleges that Fred Haas sent four prerecorded voicemail messages to his phone.  Claiming that the calls were unsolicited marketing messages, Mendoza filed a class action suit in the Southern District of Texas asserting violations of the TCPA.  Fred Haas moved to compel arbitration based on the Arbitration Agreement, arguing that the Personal Information Notice was prior written consent and any dispute over the meaning of the document is subject to arbitration.  Furthermore, Fred Haas contends that the agreement delegates questions of arbitrability to the arbitrator.  The district court denied the motion in an unelaborated order and Fred Haas filed this interlocutory appeal pursuant to 9 U.S.C. § 16(a).

## II

This Court reviews a ruling on a motion to compel arbitration *de novo*. *Kubala v. Supreme Prod. Servs., Inc.,* 830 F.3d 199, 201 (5th Cir. 2016).  The analysis proceeds in two steps.  First is the question "whether the parties entered into *any arbitration agreement at all*."  *Id.* (italics in original).  The second question is whether "*this* claim is covered by the arbitration agreement."  *Id.* (italics in original).  The court typically makes both

determinations. *Id*. (citing *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003)). The analysis changes when the parties include a delegation clause giving the arbitrator primary authority to rule whether a specific claim is subject to arbitration. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942, 115 S. Ct. 1920, 1923 (1995). "[P]arties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68–69, 130 S. Ct. 2772, 2777 (2010).

When delegation is concerned, the second step of analysis shifts and the inquiry becomes "whether the purported delegation clause is in fact a delegation clause—that is, if it evinces an intent to have the arbitrator decide whether a given claim must be arbitrated." *Archer & White Sales, Inc. v. Henry Schein, Inc.*, 935 F.3d 274, 279 (5th Cir. 2019), *cert. granted*, 2020 WL 3146679 (June 15, 2020) (quoting *Kubala*, 830 F.3d at 202). Courts should not assume intent "unless there is 'clear and unmistakable' evidence." *First Options*, 514 U.S. at 944, 115 S. Ct. at 1924. Incorporating the American Arbitration Association ("AAA") rules[2] into the agreement "presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012). When the delegation is valid, the court must grant the motion to compel. *Archer & White*, 935 F.3d at 279 (citing *Kubala*, 830 F.3d at 202).

---

[2] Rule 7(a) states that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." AM. ARBITRATION ASS'N, COMMERCIAL ARBITRATION RULES AND MEDIATION PROCEDURES 13 (2013), https://www.adr.org/sites/default/files/Commercial%20Rules. pdf.

No. 20-20123

It is undisputed that both Fred Haas and Mendoza are parties to the Arbitration Agreement and the Agreement states "all claims . . . shall be settled by binding arbitration conducted pursuant to the provisions of 9 U.S.C. Section 1 et seq. and according to the Commercial Rules of the American Arbitration Association." This language follows a similar structure of other agreements found to incorporate the AAA Rules.[3] With both steps of the analysis satisfied, the motion to compel arbitration must be granted.

Mendoza's arguments to the contrary are unconvincing. First, Mendoza misstates this Circuit's rule on who decides the question of arbitrability. Generally, the question of arbitrability is a judicial determination for the court, "[*u*]*nless the parties clearly and unmistakably provide otherwise*". *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649, 106 S. Ct. 1415, 1418 (1986) (emphasis added). As noted above, the parties here did, clearly and unmistakably, provide otherwise, thus removing the decision from the court.

Second, Mendoza argues that Fred Haas limited the delegation to "claims regarding the sale, lease, financing of the vehicle, performance, or condition of the vehicle." Mendoza raises this "carve-out" argument in the first instance on appeal. This Court "'may affirm the district court's decision on any basis presented to the district court' and argued in the district court." *U.S. Sec. & Exch. Comm'n v. Kahlon*, 873 F.3d 500, 504 (5th Cir. 2017) (quoting *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d

---

[3] In *Crawford*, the Court found the clause "all disputes . . . will be exclusively settled by arbitration before a single arbitrator in accordance with the Rules of the American Arbitration Association" sufficient to incorporate the AAA Rules for delegation purposes. *Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 256, 262–63 (5th Cir. 2014).

887, 896 (5th Cir. 2013)).  Mendoza waived this argument by failing to present it to the district court.  Nonetheless, it fails.  To the extent the "carve-out" exception exists,[4] the language in *Archer & White* expressly attempted to exempt certain claims by stating "[a]ny dispute . . . (except for actions seeking injunctive relief and disputes related to trademarks, trade secrets, or other intellectual property of Pelton & Crane), shall be resolved by binding arbitration in accordance with the arbitration rules of the American Arbitration Association." *Archer & White*, 935 F.3d at 277.  Here, Mendoza argues that including "terms and meanings of any of the documents" in the second sentence of the agreement excludes it from the first.  This reading is contrary to the language used by the parties.  The second sentence opens "Without limiting the generality of the foregoing," indicating the parties' intention that certain enumerated claims be included in the first sentence, not exempted from arbitration.

In granting Fred Haas's motion to compel arbitration, we express no views on the scope of the arbitration agreement or the merits of the underlying dispute.  We are simply respecting the parties' decision to delegate the threshold question of arbitrability to the arbitrator.  The order of the district court is REVERSED and this matter is REMANDED with direction for the district court to refer the dispute to arbitration.

---

[4] The Supreme Court granted certiorari for *Archer & White Sales, Inc. v. Henry Schein, Inc.* on the issue whether a provision in an arbitration agreement that exempts certain claims form arbitration negates an otherwise clear and unmistakable delegation of questions of arbitrability to an arbitrator. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 2020 WL 3146679 (June 15, 2020); 935 F.3d 274 (5th Cir. 2019).